————o————

## No. 4262.

(Court of Appeal, Parish of Orleans.)

## MRS. ALINE BLASKLEY et al. vs. SOUTHERN CAN COMPANY LTD.

Question of fact only is involved herein.

Appeal from Civil District Court, Division "C."

A. E. & O. S. Livandais, for Plaintiff and Appellant.

Rapp & Weiss, T. M. & J. D. Miller, for Defendant and Appellee.

MOORE, J. This was a suit sounding in damages for personal injuries sustained by the minor daughter of plaintiff by a tap cutter which she was operating whilst in the employ of defendant company. The injury sustained was the loss of a finger of her left hand. The press or cutter, is of simple

device and requires no especial skill to operate. It is employed for the purpose of cutting round taps from strips of tin.

The power from the main shaft which is supplied by steam, is transferred to the press, or cutter, by means of a pully, which is at the top of the press and almost out of reach of the operator. The taps are cut by the action of a solid, round die ascending and descending upon a hollow die set in a table beneath it. Under the table is a treadle, which requires pressure of at least five or six pounds to depress. When depressed, which the operator does with the foot, a steel bar next to the pully is pulled out so that a rod, which is otherwise kept away from the pulley by this steel bar, shoots into the pulleys and is caught in a socket, so that the revolving pulley carries this rod around with it and causes the die connected with the rod to ascend and descend as the pulley revolves. When the treadle is released, as it is by the operator removing his feet or the pressure therefrom, the steel bar referred to rises and throws the rod back and away from the pulley, so that the die cannot move.

It is impossible for the die to move without the treadle being depressed unless the machine is absolutely defective. The evidence, however, is uncontradicted that this machine was a new one of the most approved pattern and was in perfect condition.

The evidence of the young lady who was injured is to the effect that the taps when cut should have passed through the orifice made in the tablet for that purpose, but that two or three taps having congested in the orifice she attempted to put them down with her finger when the cutter came down and inflicted the injury complained of. She denies that at this moment she was pressing her foot on the treadle, but it is demonstrated that it was impossible for the die to have descended unless she had pressed on the treadle. She had been repeatedly warned never to put her finger under the die; she not only did this, but it is manifest that she at the time must have pressed on the treadle as the die could not, as we have stated, have otherwise been put in motion. However unfortunate the accident is she alone is responsible for it. It was

the result exclusively of her own imprudence, inattention and fault.

So thought the trial judge and so think we. The judgment is affirmed.